UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 22-42(2) (DWF/DTS) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Mariano Duran Perez, *also known as* Mariono Duran Perez, | |
| Defendant. | |

Defendant Mariano Duran Perez moves to suppress statements he gave to law enforcement during an interview at the Hennepin County Jail. (Doc. No. 68.) In a Report and Recommendation ("R&R"), Magistrate Judge David T. Schultz recommended that Perez's motion be granted because Perez unambiguously invoked his right to counsel, yet law enforcement continued to question him. (Doc. No. 123, the "R&R.") The United States of America (the "Government") filed an objection to the R&R (Doc. No. 127), and Perez responded (Doc. No. 130). After an independent review of the record and objection, the Court adopts the R&R and grants Perez's motion to suppress.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The relevant factual and procedural background for the above-entitled matter is clearly and precisely set forth in the Magistrate Judge's R&R and is incorporated by reference.

In the R&R, the Magistrate Judge concluded that Perez unambiguously invoked his right to counsel when he "repeatedly said 'yes' after Officer Johnson specifically asked him whether he wanted an attorney present 'here, now' at the interview." (R&R at 7.) The Magistrate Judge noted that even after Perez's "yes" answers, Perez reiterated his request for counsel, stating "Okay. But—I'd rather have my attorney here with me." (*Id.*) Because Officer Johnson continued to question Perez after he invoked his right to counsel, the Magistrate Judge recommended that Perez's motion to suppress be granted.

The Government objects to the Magistrate Judge's recommendation, arguing that Officer Johnson and Perez had difficulty understanding each other. Thus, the Government argues, Perez did not invoke his right to counsel, and it was reasonable for Officer Johnson to ask follow-up questions.

The Court concludes that the Government's objection offers no basis for departure from the Magistrate Judge's recommendation. The Court agrees with the R&R that Perez's "yes" answers to Officer Johnson questions—"[B]ut now I'm asking if you want an attorney here, now" and "Do you want an attorney her[e]" (R&R at 3)—"can reasonably be construed to be an expression of a desire for the assistance of an attorney." *Davis v. United States*, 512 U.S. 452, 459 (1994). Moreover, Perez reiterated his request when he said, "I'd rather have my attorney here with me." (*Id.* at 4.) While Officer

Johnson's confusion was likely genuine, the Court finds that it was not reasonable. Officer Johnson should have stopped asking questions at that time.[1]

In sum, the Magistrate Judge correctly concluded that Perez invoked his right to counsel. Thus, the Government's objection is overruled, and the Court adopts the R&R in its entirety.

## ORDER

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1. The United States of America's objection (Doc. No. [127]) to Magistrate Judge David T. Schultz's September 16, 2022, Report and Recommendation is **OVERRULED**.

2. Magistrate Judge David T. Schultz's Report and Recommendation (Doc. No. [123]) is **ADOPTED**.

3. Defendant Mariano Duran Perez's motion to suppress statement (Doc. No. [68]) is **GRANTED**.

Dated: November 3, 2022        s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge

---

[1]   Because the Court finds that Perez invoked his right to counsel, the Court need not address the issue of whether the Government demonstrated that Perez was properly advised of his *Miranda* rights and made a knowing and intelligent waiver of those rights.